IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BRADLEY BENNETT, § | |
| Plaintiff, § | |
| § | CASE NO. 1:15-cv-00005 |
| VS. § | Judge Ron Clark |
| § | |
| WAL-MART STORES, INC.; AND, § | |
| SANOFI AVENTIS U.S., LLC., § | |
| Defendants. § | |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT**
_____

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Bradley Bennett, Plaintiff in the above entitled matter, and files this, his Original Complaint complaining of Wal-Mart Stores, Inc. and Sanofi Aventis U.S., LLC.  As further proof thereof, Plaintiff would respectfully show unto the Court the following:

**JURISDICTION AND VENUE**

1.  Jurisdiction and venue are proper within this Court as all or a substantial portion of the events at issue occurred within Hardin County, Texas and there exists diversity of jurisdiciton between the parties. Accordingly, jurisdiction is proper per 28 U.S.C. §1332.

**IDENTITY OF PARTIES**

2.  Plaintiff Bradley Bennett is an individual residing in Lumberton, Hardin County, Texas.

1

3. Defendant Wal-Mart Stores, Inc. is a foreign corporation duly registered to conduct business within the State of Texas and does in fact conduct business within the Eastern District of Texas. Defendant may be served with process via certified mail, return receipt requested to its registered agent, CT Corporation System, at 350 N. St. Paul, Suite 2900, Dallas, Texas 752010-4234.

4. Defendant Sanofi Aventis U.S., LLC is a foreign limited liability company duly registered to conduct business within the State of Texas and does in fact conduct business within the Eastern District of Texas. Defendant may be served with process via certified mail, return receipt requested to its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**FACTUAL BACKGROUND**

5. In January 2007, Plaintiff Bradley Bennett was prescribed Benzaclin for acne treatment. Benzaclin is a topical cream consisting of Clindamyacin and Benzoyl Peroxide.

6. Since its introduction in the year 2000, the FDA-approved monograph for Benzaclin has warned of the increased risk of ulcerative colitis. In fact, the FDA mandates that when Benzaclin's active ingredient, Clindamycin, is sold by itself, a "black box" warning is required. A "black box" warning is the strongest warning mandated by the FDA.

7.    During the years 2007, 2008 and 2009, Plaintiff filled Benzaclin prescriptions at the pharmacy of Defendant Wal-Mart Stores.  Defendant Wal-Mart Stores and Sanofi Aventis provided Mr. Bennett with warnings and monographs on the drug that warned of the risk of diarrhea but completely failed to mention the FDA-required warning of ulcerative colitis.  These warnings were virtually identical to a phamphlet distributed by Sanofi Aventis for which it faced FDA discipline in January 2010 for overstating efficacy and minimizing risks.

8.    The FDA-mandated warning advises of the risk of ulcerative colitis, of which diarrhea may be a symptom, and states that drug use should be discontinued in the event of severe persistent diarrhea.

9.    Defendants Wal-Mart Stores and Sanofi Aventis voluntarily took it upon themselves to publish a monograph and warnings separate and distinct from those authorized by the FDA.

10.   Both Mr. Bennett and his physicians relied upon the erroneous and misleading warnings and precautions given by the Defendants.  Mr. Bennett suffered damages as a proximate result  of the misleading and deceptive warnings issued by the Defendants. Specifically including but not limited to the fact, that the FDA mandated warning advised to discontinue Benzaclin due to the risk of ulcerative colitis if persistent diarrhea occurs. Given the absence of such warning, Mr. Bennett reasonably continued the use of Benzaclin after receiving his diagnosis of ulcerative colitis as he did not have this material information.

## NEGLIGENCE AND GROSS NEGLIGENCE

11. All Defendants, whether voluntarily assumed or imposed by law, owed a duty to Plaintiff and other consumers to warn of the risk of ulcerative colitis associated with the use of Benzaclin. Defendant Wal-Mart Stores held a particular duty to insure that in the event that it disseminated and published its own monograph and warnings that such comported with the warnings and statements mandated by the Food & Drug Administration. All Defendants, with conscious disregard for the rights, safety and welfare of Plaintiff, breached these duties by failing to warn of the risk of ulcerative colitis proximately leading to Plaintiff's injuries and damages in that their warnings differed from the FDA approved literature.

## STRICT PRODUCTS LIABILITY BASED UPON FAILURE TO WARN

12. Plaintiff herein seeks relief under Section 402 of the Restatement of Torts as adopted by the State of Texas based upon inadequate warnings. The misleading and deceptive warnings circulated by the Defendants rendered Benzaclin unsafe for its intended use.

## NEGLIGENT MISREPRESENTATION AND FRAUDULENT CONCEALMENT

13. All Defendants both negligently and/or intentionally misrepresented the safety of Benzaclin to Plaintiff. All Defendants either knew or should have known that the risk of ulcerative colitis was a material fact which was omitted from their communications with Plaintiff, and that Plaintiff was relying upon such communications. Nevertheless,

Defendants omitted the FDA mandated warnings from their communications to Plaintiff's detriment.

14. Due to the omissions and/or misrepresentations of Defendants, Plaintiff did not learn of the link between Benzaclin and his diagnosis of ulcerative colitis until the summer of 2011. Plaintiff therefore pleads that the discovery rule tolls the applicable statutes of limitation.

## DAMAGES

15. Plaintiff herein seeks recovery of the following elements of damage:

   a. Reasonable and necessary medical expenses both in the past and in the future;

   b. Physical pain and mental anguish, both in the past and the future;

   c. Loss of earnings and earning capacity, both in the past and in the future;

   d. Disfigurement, both in the past and in the future;

   e. Physical impairment incurred in the past and that in all probability will be incurred in the future;

   f. Costs of Court; and

   g. Pre-judgment and post-judgment interest at the maximum allowed rates.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Bradley Bennett respectfully prays that Defendants Wal-Mart Stores, Inc. and Sanofi Aventis US, LLC be cited to appear herein and that after trial on the merits that Plaintiff receive all relief to which he may be entitled either at law or in equity.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**


*/s/ M. Shane Thompson*
**M. SHANE THOMPSON**
Texas Bar No. 24003055
**SCOTT G. HUNZIKER**
Texas Bar No. 24032446
shane@vosslawfirm.com
scott@vosslawfirm.com

The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing Original Complaint has been forwarded to all counsel of record via electronic means and/or facsimile on the 7th day of January, 2015, in accordance with the Federal Rules of Civil Procedure, as follows:

Stephen L. Huffaker
FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Blvd, Suite 1100
Austin, Texas 78701-4255
Facsimile: (512) 536-4598
*Counsel for sanofi-aventis U.S. LLC*

Karen L. Spivey
PATE & SPIVEY, L.L.P.
First City Building
505 Orleans, Suite 500
Beaumont, Texas 77701
Facsimile: (409) 838-6922
*Counsel for Wal-Mart Stores, Inc.*

           */s/ M. Shane Thompson*
           **M. SHANE THOMPSON**